IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAVEL GOBERMAN,       § | |
|     Plaintiff,       § | |
| § | |
| v.       § | CIVIL NO. 3:16-CV-2474-M-BK |
| § | |
| GREGG ABOTT, Governor of Texas, § | |
|     Defendant.       § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On August 26, 2016, Plaintiff filed a one-page, *pro se* complaint and a motion for leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the motion to proceed *in forma pauperis* be **DENIED** and that sanctions be imposed.

**I. BACKGROUND**

Plaintiff, a Dallas resident, claims that in 2012, the State of Oregon illegally confiscated his driver license although he "did not violate any traffic law." Doc. 2 at 1. The driver license expired in 2014, and Plaintiff is now suing Texas Governor Greg Abbot because the State of Texas refuses to issue him a driver license, in violation of his "civil and human rights" and "the Constitution of the U.S.A." *Id.* In support of the latter, Plaintiff cites to "Article IV Section, Article VI, Amendments IV, V, VI, VII, IX, XIV, Sections 1 and 3 [and] Amendment XV," and also asserts that his "complaint to Governor of Texas G. Abbott was ignored." *Id.* Plaintiff argues that the Court has "[t]he obligation . . . to support and defend the Constitution of the USA and to investigate violations of my rights." *Id.*

A review of Plaintiff's prior filings on the PACER website[1] reflects that he is no stranger to the federal courts, having filed over 20 cases in the United States District Court for the District of Oregon. In 2002, as a result of Plaintiff's frivolous, repetitive filings, the District of Oregon imposed pre-filing restrictions barring Plaintiff from proceeding unless any new case he proposes to file is initially reviewed and deemed not frivolous or repetitive. *See Pavel v. U.S. District Judge Aiken*, No. 3:01-CV-1607 (D. Or. Feb. 13, 2002) (Attachment A) (imposing pre-filing restrictions). At the core of the Pre-filing Review Order was the court's observation (after considering ten of Plaintiff's prior cases) that "Mr. Goberman's assertions appear to be based upon suspicions that some federal civil rights statutes have been violated when various entities act in ways that Mr. Goberman perceives as unfavorable to him." *Id.* at 5-6.[2]

## II. ANALYSIS

Federal courts have the authority to levy sanctions against *pro se* litigants and attorneys who violate Rule 11(b), of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11(b) and (c)(1); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-197 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v.*

---

[1] The Court last accessed PACER on September 13, 2016 at the following link https://pcl.uscourts.gov/search.
[2] Earlier this year, Plaintiff filed a lawsuit in this District against Texas Secretary of State Carlos Cascos, seeking an order that would allow him to register to vote without making his physical address public information, as is currently required by Texas state law. Although he initially sought leave to proceed *in forma pauperis*, he subsequently paid the filing fee and the case was dismissed for want of jurisdiction due to lack of standing. *See Goberman v. Cascos,* 3:16-CV-0994-G-BH, 2016 WL 3688604 (N.D. Tex. 2016).

*MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, even under the most deferential review, Plaintiff's complaint fails to comply with the minimum requirements for stating a claim as outlined in FED. R. CIV. P. 8(a). Additionally, much like his previous lawsuits, Plaintiff only asserts general civil rights violations stemming from the notion that the State of Texas and its employees have acted incorrectly. Notably, Plaintiff was previously denied leave to file at least one prior action complaining about the confiscation of his driver license in the District Oregon. *See Goberman v. Simon*, No. 3:12-MC-00437 (D. Or. Dec. 21, 2012). Based on all the foregoing, the Court concludes that Plaintiff's complaint filed in this case is frivolous and malicious.

In light of the frivolous nature of the complaint, the filing restriction imposed in 2002 in the District of Oregon, and the lengthy and notorious history of filing frivolous lawsuits, Plaintiff's motion to proceed *in forma pauperis* should be denied and Plaintiff should be barred from filing future *in forma pauperis* actions in this Court without first seeking leave to file. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309 (N. D. Tex. Apr. 26, 2012), recommendation accepted, 2012 WL 1864282 (N.D. Tex. May 22, 2012) (denying *in forma pauperis* motion and barring Plaintiff from filing future *in forma pauperis* actions without first obtaining leave to file because of plaintiff's history of filing frivolous, repetitive lawsuits); *Kenney v. Admin. Records Dep't of Pub. Safety*, 3:15-CV-2260-D-BK, 2015 WL 4997841 (N.D. Tex. Aug. 20, 2015) (same).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] be **DENIED**, and that Plaintiff be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file. For purposes of this sanction, "filing" includes civil actions received by this Court via transfer or removal. It is further recommended that Plaintiff be **WARNED** that the continued submission of frivolous actions and documents may result in the imposition of additional sanctions, including monetary penalties.

SIGNED September 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED September 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PAVEL GOBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV. No. 01-1607-HA |
| | ) | |
| U.S. JUDGE AIKEN, | ) | ORDER REQUIRING |
| | ) | PRE-FILING REVIEW |
| Defendant. | ) | |
| | ) | |

HAGGERTY, Judge:

In this action, plaintiff filed a complaint against United States District Judge Ann Aiken alleging judicial misconduct, abuse of power, and various violations of the United States Constitution. On December 6, 2001, this court issued an Order finding plaintiff's complaint to be without merit and dismissing the complaint with prejudice. Plaintiff was advised that judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. *Butz v. Economou*, 438

1 - ORDER

U.S. 478 (1978). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547 553-55 (1967). This immunity has been specifically extended to liability for damages under 42 U.S.C. 1983. *Richardson v. Koshiba*, 693 F.2d 911 (9th Cir. 1982). Judicial immunity is not defeated by "allegations of bad faith, personal interest or outright malevolence." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986); *see also Stump v. Sparkman*, 435 U.S. 349 (1978); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Schucker v. Rockwood*, 846.F.2d 1202 (9th Cir. 1988) (*per curiam*); *Sherman v. Babbit*, 772 F.2d 1476 (9th Cir. 1985).

Additionally, plaintiff was provided formal notice of this court's intention to issue a restrictive pre-filing order regarding plaintiff's future filings with this court. Plaintiff was given full notice, and was invited to file objections to the order's filing no later than January 15, 2002.

Plaintiff filed objections to the proposed Order on December 15, 2001. These objections have been considered. The objections summarize plaintiff's claims against Judge Aiken, as well as the multiple suits plaintiff has brought against other federal judges, as actions plaintiff has taken to defend himself from alleged violation of his "civil and human rights, from judicial tyranny, abuse [of] power by U.S. Judges." Plaintiff also claims the proposed Order would be a "violation of the U.S. Constitution, Bill of Rights, [and] the First Amendment. . . ."

Plaintiff's allegations in his cases against federal judges relate to judicial actions occurring in the duties performed while presiding over federal cases. Plaintiff's claims are derived from judicial acts within the jurisdiction of this court, and – as plaintiff has been advised of repeatedly – the judges

2 - ORDER

are therefore immune from suit or liability to plaintiff. The other statutes referenced in plaintiff's complaints do not provide a private right of action for individuals to recover damages and fail to state a claim upon which relief can be granted. These claims have been asserted in at least 10 actions the plaintiff has filed in this district since May 1, 2000. The docketing records of the 10 cases indicate that all of plaintiff's claims have been without merit. These cases are identified in court records as follows:

6-01-06201-AA Goberman v. Panner;

3-01-01607-HA Goberman v. US Judge Aiken;

6-01-01300-AA Goberman v. United States Magistrate Judge Ashmanskas;

3-01-01081-HA Goberman v. Kitzhaber;

6-01-01022-AA Goberman v. Panner;

6-01-01021-AA Goberman v. Jones, et al.;

6-01-01020-AA Goberman v. Stewart;

6-01-00889-AA Goberman v. Oregon BOLI;

3-00-01741-AS Goberman v. N.W. Natural;

3-00-00581-ST Goberman v. Washington County Counsel.

      The Ninth Circuit has emphasized that district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated repeatedly by the district courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990).

3 - ORDER

In *O'Loughlin*, the Ninth Circuit provided guidance regarding how to address the problem of an incarcerated litigant repeatedly filing claims that prove to be frivolous. In considering a prisoner's repeated filings, the court acknowledged that "[a]n order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts]. . . while preserving the court from abuse." *Id*. at 617, quoting *Franklin*, 745 F.2d at 1231-32. This court believes that these concerns apply similarly to *pro se* litigants who are not incarcerated, such as plaintiff.

To maintain "this delicate balance between broad court access and prevention of court abuse," the Ninth Circuit has instructed that (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *Id*., citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147-49 (9th Cir. 1990).

This court has listed above the filings by plaintiff that support the imposition of some limitation upon future frivolous filings by plaintiff. Substantive findings as to the lack of merit in these cases have been made in each of the cases. This court has also reviewed the docketing records of the filings and explicitly finds that all or most of the actions were dismissed for lack of merit; this court reiterates that plaintiff's previous filings have routinely lacked merit and have necessitated dismissal. Plaintiff was provided a full opportunity to file objections to the proposed pre-filing order, and these objections have been considered.

In accordance with these guidelines, the court now issues the following Order:

**PRE-FILING ORDER:**

After review of the plaintiff's repeated filings, and careful evaluation of the allegations and assertions presented by plaintiff in all of these filings, this court makes substantive findings that plaintiff's claims in these filings were, and continue to be, frivolous. Plaintiff has repeatedly failed to state a claim on which relief may be granted, and repeatedly seeks relief against defendants from whom this court cannot order the relief sought. *See generally* 28 U.S.C. § 1915(e)(2), formerly 28 U.S.C. § 1915(d); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

This Court remains mindful of the requirement to construe the allegations of a *pro se* plaintiff liberally, and to afford the plaintiff the benefit of any doubt. *Lopez v. Dept. of Health Svs.*, 939 F.2d 881, 883 (9th Cir. 1991). Under Fed. R. Civ. P. 8(a)(2), however, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Plaintiff has repeatedly failed to comply with these guidelines. Plaintiff has repeatedly failed to establish that jurisdiction exists in this court for his myriad filings, and has failed to demonstrate that the filings state any claim entitling him to relief from this court. Instead, plaintiff's assertions appear to be based upon suspicions that some federal

civil rights statutes have been violated when various entities act in ways that plaintiff perceives as unfavorable to him.

This court finds that plaintiff has engaged in, and is engaging in, repeatedly filing frivolous, abusive and harassing lawsuits and motions. Plaintiff's positions are not warranted by existing law or by non-frivolous argument, and lack any evidentiary support. In light of plaintiff's demonstrated willingness to ignore the rulings and instructions of this court, and instead pursue additional, baseless, litigation against various parties, this court is now compelled to issue a restrictive pre-filing order imposing the following prerequisites on plaintiff's future filings.

This court is mindful that such an Order must be narrowly tailored to curb the particular abuses of the plaintiff. See *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (order enjoining filing of any further actions by plaintiff found overly broad since it was not restricted to actions with issues parallel to those which plaintiff persisted in litigating); *see also Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (court order preventing plaintiff from filing any actions without leave of court deemed overly broad where plaintiff had only been overly litigious regarding the same group of defendants). Plaintiff Goberman, however, has not limited his federal filings to a particular issue or set of proposed defendants, and a review of his multiple frivolous filings indicates that a more general pre-filing review is necessary. Accordingly, IT IS HEREBY ORDERED that the plaintiff PAVEL GOBERMAN, individually, or in alleged connection with any other party, IS SUBJECT TO THE FOLLOWING PRE-FILING REVIEW:

6 - ORDER

**All filings from PAVEL GOBERMAN, individually, or in alleged connection with any other party, SHALL BE REVIEWED BY THIS COURT AND ORDERED FILED ONLY IF SUCH FILINGS ARE DEEMED NOT FRIVOLOUS OR REPETITIVE. This Pre-Filing Review Order is effective immediately and shall remain in effect until the court otherwise directs.**

IT IS SO ORDERED.

Dated this __13__ day of February 2002.

                                                  /s/ Ancer L. Haggerty

                                                  Ancer L. Haggerty

                                                  United States District Judge

7 - ORDER